Filed 1/28/14  P. v. Helms CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KATHLEEN ANN HELMS,<br><br>    Defendant and Appellant. | D063900<br><br><br><br>(Super. Ct. No. SCD242367) |

APPEAL from a judgment of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

Cannon & Harris, Donna L. Harris, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Kathleen Ann Helms pled guilty to four counts of conspiring with another to treat the sick and afflicted without a license, in violation of Business & Professions  Code

section 2052, subdivision (b).  The trial court sentenced Helms to a total term of three years, and ordered Helms to pay approximately $67,500 in restitution to four victims. We affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND

By amended felony complaint the San Diego County District Attorney charged Helms with multiple counts of treating the sick and afflicted without a license (Bus. & Prof. Code, § 2052, subd. (a); counts 1, 2, 7, 8, 17, & 18), multiple counts of conspiring with another to treat the sick and afflicted without a license (Bus. & Prof. Code, § 2052, subd. (b); counts 3, 4, 5, 9, 10, & 12-16), and two counts of grand theft of personal property (Pen. Code, § 487, subd. (a); counts 6 and 11).  The complaint further alleged that Helms personally inflicted great bodily injury on one of the victims, in connection with count 5.

Helms waived her right to a jury trial and pled guilty to counts 3, 9, 12 and 16.  In exchange for Helms's guilty plea, the People agreed to a stipulated three-year sentence, of which Helms was to serve 18 months in custody and 18 months under mandatory supervision pursuant to Penal Code section 1179, subdivision (h)(5)(B), and dismissal of the remaining charges.

As the factual basis for her guilty plea, Helms admitted that she unlawfully practiced medical care to others without possessing a valid California license to practice medicine.

The trial court denied probation and ordered Helms committed to the custody of the sheriff's department for an aggregate term of three years. The court ordered Helms to serve 18 months in custody, and the remaining 18 months of her term under the mandatory supervision of the probation department. In addition to ordering Helms to pay mandatory fines and fees, the court ordered Helms to pay victim restitution in the following amounts: $19,257.35 to Julie Hinze, $15,000 to Michael Altschul, $5,535 to Jeremy McLaughlin as trustee for Richard Rebuffattee, and $26,755.67 to Gina Endicott.

Helms filed a timely notice of appeal.

Helms's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We invited Helms to file a brief on her own behalf, but she has not responded.

III.

DISCUSSION

Helms's counsel presents no argument for reversal, but asks this court to review the record for error, as mandated by *Wende*, *supra*, 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel lists the following as possible, but not arguable, issues:

> (1) "Whether the trial court erred by ordering appellant to pay restitution to Gina Endicott who was not a named victim in the felony complaint filed against appellant";
>
> (2) "Whether appellant was entitled to notice and a hearing before the trial court ordered $15,000 seized from appellant be released to the victims as payments toward the restitution ordered by the court"; and

3

(3) "Whether the trial court abused its discretion by denying appellant's motion to return a colloidal silver machine and a supply of a drug known as Regenersen."

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues.  Helms has been competently represented by counsel in this appeal.

IV.

DISPOSITION

The judgment of the trial court is affirmed.

AARON, J.

WE CONCUR:

BENKE, Acting P. J.

HUFFMAN, J.

4